IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

DANIEL LUKE,                              *

    Plaintiff,                           *

vs.                                       *

                               CASE NO. 4:13-cv-535 (CDL)

CHACE O'HEARN, CHARLES O'HEARN   *
d/b/a O'HEARN FARMS, INC.,
COTTON STATES MUTUAL INSURANCE   *
COMPANY, AND COUNTRY MUTUAL
INSURANCE COMPANY,               *

    Defendants.                          *

_____

O R D E R

Country Mutual Insurance Company ("Country Mutual") removed
this action from the Superior Court of Randolph County, Georgia,
based upon diversity of citizenship.  Plaintiff, along with
Defendants Chace O'Hearn and Charles O'Hearn d/b/a O'Hearn
Farms, Inc. ("O'Hearn Defendants"), have filed motions to remand
(ECF Nos. 2, 3).  For the following reasons, those motions to
remand are granted.

DISCUSSION

A civil case filed in state court may be removed by a
defendant to federal court if the case could have been brought
originally in federal court.  28 U.S.C. § 1441(a).  Federal
courts have diversity jurisdiction over all civil actions where
the amount in controversy exceeds $75,000 and the action is

1

between citizens of different states.    28 U.S.C. § 1332(a).
"Diversity    jurisdiction    requires    complete    diversity;"    no
plaintiff can be from the same state as any defendant.    *Triggs*
*v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir.
1998).

The Plaintiff in this action is a resident of Georgia.    And
although Defendant Country Mutual is a resident of Illinois, the
O'Hearn Defendants are all residents of Georgia.[1]    Therefore, if
the  O'Hearn  Defendants'  citizenship  is  considered,  complete
diversity  does  not  exist.    Country  Mutual  maintains  that  the
O'Hearn  Defendants'  citizenship  should  be  disregarded  because
they were "fraudulently joined" in this action.

Fraudulent joinder is a judicially created exception to the
complete  diversity  requirement.    *Triggs,*  154  F.3d  at  1287.
Traditionally,  joinder  may  be  deemed  fraudulent  in  two
situations: (1) "when there is no possibility that the plaintiff
can prove a cause of action against the resident (non-diverse)
defendant,"  and  (2)  "when  there  is  outright  fraud  in  the
plaintiff's  pleading  of  jurisdictional  facts."    *Id.*    The
Eleventh Circuit has also recognized a third type of fraudulent
joinder,  which  is  more  precisely  described  as  "fraudulent
misjoinder."    It is this third type of fraudulent joinder that
is implicated here.

---

[1] Cotton States Mutual Insurance Company, which appears to be the predecessor
of Country Mutual, is also a resident of Illinois.

In the present case, Plaintiff alleges that Chace O'Hearn spilled hot cooking grease on Plaintiff causing severe burns. He has asserted negligence claims against Chace based on his negligence and against the other O'Hearn Defendants based on landowner liability and agency principles.   Plaintiff also asserts a claim against Country Mutual under Georgia's RICO statute, alleging that Country Mutual, which provided liability insurance coverage for the incident in question, provided Plaintiff's counsel with false and fraudulent information during their investigation of the underlying liability claim.

No evidence exists in the present record that there is "outright fraud" in the Plaintiff's pleading of jurisdictional facts.   He properly alleges the residency of the various Defendants, and Country Mutual has pointed the Court to no evidence of "outright" fraud.   Furthermore, Plaintiff's Complaint states a claim against the resident, non-diverse Defendants, the O'Hearns.   Therefore, Country Mutual cannot establish that a recovery against the resident, non-diverse Defendants is *not* possible.   Although not clearly articulated in the briefs, Country Mutual is essentially asserting "fraudulent misjoinder" as the basis for its fraudulent joinder claim.

Country Mutual maintains that no contention is made by Plaintiff that Country Mutual and the O'Hearn Defendants are joint tortfeasors—the RICO claim applies only to Country Mutual

3

and liability on that claim is separate and distinct from any liability the O'Hearns may have on the negligence-based tort claims. Consequently, Country Mutual argues that the claims are fraudulently misjoined, and therefore the claims against the O'Hearns must be ignored when determining whether complete diversity of citizenship exists.

"Fraudulent *misjoinder*" is not a universally accepted corollary in fraudulent joinder jurisprudence. *See, e.g., A. Kraus & Son v. Benjamin Moore & Co.,* No. CV 05-5487, 2006 WL 1582193, at *5 (E.D.N.Y. June 7, 2006) (expressing reluctance to "[wade] into the uncharted waters of fraudulent-egregious misjoinder" without clear direction from the Supreme Court or Congress); *Riddle v. Merck & Co., Inc.,* Civil No. 06-172-GPM, 2006 WL 1064070, at *7-8 (S.D. Ill. April 21, 2006) (finding nothing in the fraudulent joinder jurisprudence of the Supreme Court or the Seventh Circuit Court of Appeals suggesting that the egregious "misjoinder" of non-fraudulent claims under state procedural rules is a question that implicates subject matter jurisdiction of a federal court); *Osborn v. Metro. Life Ins. Co.,* 341 F. Supp. 2d 1123, 1127-1128 (E.D. Cal. 2004) (declining to apply fraudulent misjoinder theory because unnecessary and because of uncertainty of how to apply it, and finding better rule is for alleged misjoinder to be resolved in state court). Notwithstanding the skepticism of courts from other Circuits,

4

the fraudulent misjoinder theory has been adopted in the Eleventh Circuit. And quite frankly, that is all that matters here. In *Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot,* 204 F.3d 1069 (11th Cir. 2000), the Court explained that under certain circumstances *misjoinder* of parties could be so "egregious" as to amount to fraudulent joinder. 77 F.3d at 1360. Perhaps predictably, the Court did not define "egregious;" it simply made clear that "mere misjoinder" is not fraudulent joinder. *Id.* Therefore, even if the parties could not be joined under Rule 20 of the Federal Rules of Civil Procedure or the applicable state's counterpart to Rule 20, their joinder may not constitute *fraudulent* joinder, unless it was "egregious." A finding of "egregiousness" appears to depend upon the extent to which the resident, non-diverse defendant has any "real connection with the controversy" involving the diverse defendant. *Id., citing Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97 (1921); *see also Triggs,* 154 F.3d at 1288-90. The starting point for the analysis is whether the resident defendant could have been permissively joined in the action against the non-resident defendant. If permissive joinder is appropriate, then there obviously can be no fraudulent misjoinder; but as noted, a finding of improper joinder is not dispositive of fraudulent joinder. Instead, if permissive

joinder is not appropriate, the Court must look closer to determine whether there is such a lack of connection between the claims that not only is joinder improper, but it is clearly or obviously so.

The Federal Rules of Civil Procedure permit persons to be joined as defendants in a single action if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2); *see also* O.C.G.A. § 9-11-20(a) (using almost identical language in Georgia permissive joinder statute). Plaintiff does not assert a RICO claim against the O'Hearn Defendants; nor does he claim that they are joint tortfeasors with Country Mutual. But this does not mean that Plaintiff's RICO claim against Cotton Mutual clearly or obviously has no real connection with the controversy between Plaintiff and the O'Hearns. All of the claims in the underlying action arise from the same event—the alleged negligent spilling of grease on the Plaintiff by Chace O'Hearn. It is not obvious at this stage of the litigation that the facts related to that incident will not be relevant to Plaintiff's RICO claim against Country Mutual. It is beyond dispute that without the incident giving rise to the negligence

claims against the O'Hearn Defendants, there would be no RICO claim. Of course, the mere presence of a remote "but for" causal connection is not, standing alone, a sufficient connection to defeat a fraudulent misjoinder claim. But the connection here is less remote than that. It is reasonable to conclude that how the accident occurred may be relevant to whether Country Mutual made false and fraudulent representations related to the insurance coverage that existed for the underlying claim. While the claims are distinct and different, it is not obvious that they do not involve some common issues of law and fact.

The Court's conclusion regarding the relationship between the various claims asserted by Plaintiff does not mean that joinder is necessarily proper under Rule 20 or its Georgia counterpart. Nor does it mean that the trial judge could not sever the claims or that Plaintiff will ultimately prevail on his claim. But that is not the standard this Court must apply. To find fraudulent joinder, the joinder must be shown to be more than impermissible; it must be egregiously or obviously so. Country Mutual simply has not carried that burden. Consequently, the Court is not authorized to ignore the citizenship of the O'Hearn Defendants, and when their citizenship is considered, complete diversity does not exist.

Without complete diversity, there is no basis for federal subject matter jurisdiction.

CONCLUSION

The motions to remand (ECF Nos. 2, 3) are granted, and the Clerk is directed to remand this action to the Superior Court of Randolph County, Georgia.  Plaintiffs' request for fees and expenses is denied.

IT IS SO ORDERED, this 20th day of March, 2014.

S/Clay D. Land
_____
            CLAY D. LAND
     UNITED STATES DISTRICT JUDGE